**Dannie Eugene WILSON and Jay Cordova, Plaintiffs,**

v.

**STATE OF ARIZONA, et al., Defendants.**

**No. CIV 94–0422 PHX–PGR.**

United States District Court, D. Arizona.

Feb. 15, 1995.

Nicholas Simon Hentoff, Phoenix, AZ for plaintiffs.

Gordon Samuel Bueler, Office of the Atty. Gen., Phoenix, AZ, for defendants.

## ORDER

ROSENBLATT, District Judge.

Pending before the Court is Defendants' Motion to Dismiss and Plaintiffs' Request for Attorneys' Fees.

### BACKGROUND

On October 19, 1973, United States District Court Judge Carl A. Muecke entered a consent decree judgment in the case of *Hook v. State*, CIV 73–97 PHX CAM. This consent decree judgment resolved a suit brought by inmates of the Arizona state prison against the Arizona Department of Corrections and others for the alleged violation of the inmates' constitutional rights regarding the receipt of mail, among other issues. This suit addressed the inmates' ability to subscribe to *Playboy* and other magazines.

The Ninth Circuit Court of Appeals has interpreted this consent decree since it was entered in 1973. In *Hook v. State of Arizona*, 972 F.2d 1012 (9th Cir.1992), the Ninth Circuit stated that "[t]he decree [consent decree] lists 'inmates' and 'residents' as the intended beneficiaries of the consent decree. Thus, the 265 inmates are intended third-party beneficiaries that have standing to enforce the rights of the inmates under the consent decree." *Hook*, 972 F.2d at 1015.

In addition, Judge Muecke has ruled that the *Hook* litigation is in the nature of a class proceeding and has conditionally certified the class pending the naming of class representatives. *See* Order, *Hook v. State*, CIV 73–97 PHX CAM, Doc. # 310. John P. Frank of Lewis & Roca has been appointed counsel for the conditional class of inmates.

### DISCUSSION

A. Motion to Dismiss

■ Defendants have filed a motion to dismiss, claiming (1) Plaintiffs are collaterally estopped based upon the consent decree in the *Hook* case; and (2) the issues in the complaint are moot because the policy in question was never implemented. Plaintiffs contend that they are not collaterally estopped because they are challenging the constitutionality of the policy, not the contract

provisions of the *Hook* consent decree. Plaintiffs concede that these issues are moot and that these issues are more properly raised before Judge Muecke in the *Hook* case. However, Plaintiffs contend they are "prevailing parties" and should therefore receive attorneys' fees for bringing this lawsuit.

In their response to Defendants' Motion to Dismiss, Plaintiffs make the following statements:

> The defendants are correct that the voluntary cessation of allegedly illegal conduct does not necessarily render a lawsuit challenging that illegal conduct moot. An argument can easily be made that the issues raised in this lawsuit are still ripe for adjudication since the Constitutionality of the withdrawn Policy has yet to be litigated in any court and the complaint raises issues of State law under this Court's pendent jurisdiction.

> Nevertheless, Plaintiffs concede that these issues are more properly raised before Judge Muecke in the context of a Rule 60(b) motion to modify the *Hook* consent decree, and *do not oppose the dismissal of this case on grounds that the Court should not exercise its jurisdiction over these issues.*

*See* Response, pg. 7, ¶ B (emphasis added).

In light of this concession, the Court will grant Defendants' Motion to Dismiss on the basis that the issues raised in the complaint are more properly presented before Judge Muecke in the *Hook* case.[1]

## B. Request for Attorneys' Fees

■ Despite Plaintiffs' concession that the issues raised in this complaint should have been brought via a Rule 60(b) motion before Judge Muecke, Plaintiffs' attorneys, Nicholas Hentoff and William Foreman ("Counsel"), claim their clients are "prevailing parties" in this case and request attorneys' fees. Counsel claims that because the Defendants voluntarily withdrew the policy in question under pressure of this lawsuit, they are entitled to attorneys' fees.

There are numerous problems with Counsels' contention that they are entitled to attorneys' fees. Counsel concedes that they knew Plaintiffs were represented, as members of the class in the *Hook* case, by John P. Frank of Louis & Roca. *See* Response, pg. 4. However, Plaintiffs claim that because they were challenging the constitutionality of the policy, and not the validity of the policy under the *Hook* consent decree, bringing this collateral action was appropriate. Yet Counsel also concedes that the issues in this case should have been brought before Judge Muecke in the *Hook* case, including challenges regarding the constitutionality of the policy. Counsel chose to proceed with this collateral suit rather than bringing these issues before Judge Muecke in the *Hook* case, despite their knowledge that the latter was the proper course of action. Certainly Counsel should not be rewarded for wasting judicial resources and state resources by requiring two courts and two state attorneys general to work on these issues.

Further, Plaintiffs have received the relief requested in the *Hook* case. John P. Frank brought an action on behalf of all members of the class and Judge Muecke awarded these inmates relief. *See* Order, CIV 73–97 PHX CAM, Doc. # 395. Further, Judge Muecke awarded attorneys' fees in that case to Mr. Frank. *Id.* It would clearly be inequitable to require the State of Arizona to pay attorneys' fees twice for the same issues—issues which, by Counsels' own concession, should have been litigated before Judge Muecke.[2]

Counsel also claims that Plaintiffs are prevailing parties because Defendants withdrew

---

1. Because the Court has decided this motion on the concession of the Plaintiffs to the dismissal of this case, the Court will not address the merits of Defendants' claim regarding collateral estoppel, nor will the Court address the merits of Plaintiffs' claims that the policy in question was unconstitutional.

2. Although John P. Frank only raised the issue of whether the proposed policy violated the consent decree, Counsel has conceded that the issue of constitutionality of the policy should also have been brought before Judge Muecke. Simply because Mr. Frank chose to achieve the same objective based upon the consent decree rather than the constitution does not lead this Court to believe that the State of Arizona should be liable twice for attorneys' fees.

the policy "under pressure of the lawsuit." *See* Response, pg. 7. While this Court does not deny that attorneys' fees may be awarded if the defendant halts the conduct that is the basis of the lawsuit under pressure of the lawsuit, there is no evidence before this Court that this case, rather than the *Hook* case, caused Defendants to alter their conduct. As Counsel states, the issues related to the constitutionality of a policy banning pornographic material "has yet to be litigated in any court." *See* Response, pg. 7. The *Hook* consent decree has been in place since 1973. Clearly the danger of violating a court order in the form of a consent decree was a more real threat than the possibility of a court order finding the proposed policy to be unconstitutional.[3] The Court finds that if the Defendants did withdraw the proposed policy due to fear of litigation, it was the *Hook* litigation, and not this case, that caused the withdrawal. Clearly Counsel is not entitled to attorneys' fees based upon this theory of recovery.

Finally, Counsel does not oppose the dismissal of this case "on grounds that the Court should not exercise its jurisdiction over these issues." *See* Response, pg. 7. The Court is unwilling to label a party as a "prevailing party" in light of that party's own admission that the case should be dismissed because the issues raised should have been brought in another case. Based upon all of the documentation before this Court, this case should not have been brought in this Court, and to ask for attorneys' fees for bringing this suit is absurd at best.

■ Even if this Court were to somehow conclude that attorneys' fees should be awarded to Counsel in this case, it could not do so based upon the Petition for Attorney's Fees and Costs submitted by Counsel. Rule 2.20 of the Rules of Practice of the United States District Court for the District of Arizona ("Local Rules") clearly sets forth what information must be contained in an application for attorneys' fees. Counsels' petition utterly fails to comply with this rule. Rule 2.20 contains ten very detailed subsections containing extensive information which is to be contained in a petition for attorneys' fees.

The Court will not waste pages of this order detailing every provision which has not been complied with by Counsel. However, it is safe to say that Counsel has failed to comply with virtually every provision of this Rule. Based upon this inadequate petition alone the Court could deny Counsels' request for attorneys' fees. However, because Counsel is not entitled to fees based upon the merits of the case, as discussed *supra*, the failure of Counsel to comply with the Local Rules is an alternative basis for denying the motion for attorneys' fees.

In accordance with the foregoing,

IT IS ORDERED granting Defendants' Motion to Dismiss [Doc. # 12]. The complaint and action are dismissed. The Clerk of the Court shall enter judgment accordingly.

FURTHER ORDERED denying Plaintiffs' Request for Attorneys' Fees [Doc. # 14].

FURTHER ORDERED denying Plaintiffs' Request for Attorneys' Fees [Doc. # 17].

---

**3.** It should be noted that Counsel did not cite to any legal authority in support of their contention that the proposed policy would have been unconstitutional.